BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com

DICELLO LEVITT & CASEY LLC
LAURA E. REASONS (*pro hac vice to be filed*)
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
Tel: 312/214-7900
312/253-1443 (fax)
lreasons@dlcfirm.com

[Additional Counsel Appear on Signature Block]

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCDONOUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARCHSTONE INTERNATIONAL, LLC and ARCHSTONE INTERNATIONAL HOLDINGS, LLC,<br><br>Defendant. | Case No. **'18CV0704 JM   BLM**<br><br>**CLASS ACTION**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br>(1) FAILURE TO PAY OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT;<br>(2) FAILURE TO PAY HOURLY WAGES UNDER CALIFORNIA LAW;<br>(3) FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LAW;<br>(4) FAILURE TO PROVIDE MEAL PERIODS AND REST BREAKS UNDER CALIFORNIA LAW;<br>(5) FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS UNDER CALIFORNIA LAW;<br>(6) FAILURE TO INDEMNIFY BUSINESS EXPENSES UNDER CALIFORNIA LAW; AND<br>(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Steven McDonough, individually and on behalf of all others similarly situated, upon personal knowledge of the facts pertaining to himself and on information and belief as to all other matters, by and though his Counsel, for his Complaint against Archstone International, LLC and Archstone International Holdings, LLC (collectively, "Archstone") hereby states and alleges as follows:

## NATURE OF THE ACTION

1. Archstone provides protective services and technical security to its customers, including through providing security guards to work at a variety of posts throughout San Diego County.

2. Archstone systematically denies wages and overtime pay to its guards by, *inter alia*, failing to pay them daily and weekly overtime premiums and, instead, paying them for overtime hours at their straight time rate of pay. Archstone's failure to pay its guards overtime premiums violates the Fair Labor Standards Act ("FLSA") and California state law. Archstone also violates California law by failing to provide its guards accurate, itemized wage statements, failing to provide them meal periods and rest breaks, and failing to reimburse them for business expenses reasonably incurred in the performance of their duties.

3. This lawsuit is brought as a collective action under the FLSA and as a class action under California law to receive unpaid wages owed to Plaintiff and other similarly situated guards employed by Archstone.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

1

COLLECTIVE AND CLASS ACTION COMPLAINT

5.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

6.  This Court has personal jurisdiction over Archstone because Archstone does business within the state of California.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Archstone has its principal place of business in this District.

## PARTIES

8.  Plaintiff Steven McDonough was employed by Archstone as an hourly-paid, non-exempt security guard. He was hired in or around June 2017, and resigned his employment with Archstone on or around March 13, 2018. Plaintiff is a resident of San Diego, California. His written consent to join this action is attached as Exhibit 1.

9.  Defendant Archstone International, LLC is a Delaware limited liability company doing business in California, with its principal place of business in San Diego, California.

10. Defendant Archstone International Holdings, LLC is a Delaware limited liability company doing business in California with its principal place of business in San Diego, California.

11. On information and belief, Defendants Archstone International, LLC and Archstone International Holdings, LLC have been and are related organizations through common management, officers, and ownership.

12. On information and belief, Defendants Archstone International, LLC and Archstone International Holdings, LLC share a mailing address and office location.

13. On information and belief, Defendant Archstone International Holdings, LLC is the corporate parent of Defendant Archstone International, LLC.

## GENERAL ALLEGATIONS

14. Archstone's website describes Archstone as an "elite security services provider" that "specialize[s] in providing integrated security solutions tailored to the demands of each individual client." Its protective services "include mobile and fixed-site protection, community engagement plans, intelligence and analysis support, security assessments and technologies." Its "professionally trained, protective security specialists are comprised of private sector professionals, former military and former law enforcement officers. [Its] personnel detect, deter and respond to a wide variety of security challenges in accordance with local and international laws."

15. As part of its mission, Archstone employs security guards who it assigns to various posts. Their duties include site surveillance and monitoring, as well as emergency deployment response. Because Archstone's business requires its guards to monitor and secure its customers' properties 24 hours per day in some cases, Archstone's guards often work long hours, including overnight shifts and shifts in excess of eight and twelve hours in a workday.

16. Plaintiff and similarly situated employees work or have worked for Archstone as guards or in other similar positions, regardless of job title. During the relevant time period they have been hourly-paid and have been entitled to overtime premiums under the FLSA for hours worked over 40 in a workweek and under California law for hours worked over 40 in a workweek, over 8 in a day, and on the seventh consecutive day of work.

17. The workweek begins for Plaintiff and other similarly situated employees on Friday at 12:00 a.m. and ends the following Thursday at 11:59 p.m.

18.     Archstone typically provides Plaintiff and other similarly situated guards with their schedules for a two week pay period in advance of the beginning of that pay period.  Examples of Plaintiff's schedules for two separate pay periods, December 29, 2017 through January 11, 2018, and January 12, 2018 through January 25, 2018, are attached hereto as Exhibit 2.

19.     Plaintiff and other similarly situated employees record their hours worked and transmit those records to Archstone.  Examples of the records of Plaintiff's hours worked, kept by Plaintiff and provided to Archstone, for the pay periods of December 29, 2017 through January 11, 2018, and January 12, 2018 through January 25, 2018, are attached hereto as Exhibit 3.

20.     During the relevant time period, Plaintiff has been paid hourly at the rate of $14 per hour.

21.     During the relevant time period, similarly situated employees have also been paid hourly.

22.     Plaintiff and other similarly situated employees are paid in cash and do not receive any wage statement or other documentation that explains how their wages are calculated.

23.     During the relevant time period, Plaintiff and other similarly situated employees have worked over eight hours per day.  During the relevant time period, they have also worked over 12 hours per day.

24.     During the relevant time period, Plaintiff and other similarly situated employees have worked over 40 hours per week.

25.     During the relevant time period, Plaintiff and other similarly situated employees have worked seven consecutive days in a workweek.  They have also worked over eight hours in a day on the seventh consecutive day in a workweek.

///

///

26. Despite working over 8 and over 12 hours in individual workdays, over 40 hours in individual workweeks, and on the seventh consecutive workday in individual weeks (including over 8 hours on the seventh day in some weeks) Plaintiff and other similarly situated employees have not been paid overtime premiums as required by the FLSA and/or California law. Instead, they have been paid at their straight-time rates for all such hours that should have been paid at a premium rate.

27. By way of example only, during the workweek beginning December 29, 2017 and ending January 4, 2018, Plaintiff turned in a timesheet showing that he worked the following hours (*see* Exhibit 3):

| | Fri. 12/29/17 | Sat. 12/30/17 | Sun. 12/31/17 | Mon. 1/1/18 | Tues. 1/2/18 | Wed. 1/3/18 | Thurs. 1/4/18 | **Total** |
|---|---|---|---|---|---|---|---|---|
| **Hours Worked** | 2 | 13 | 9 | 15.5 | 9.5 | 12 | 11 | 72 |

28. During the workweek beginning December 29, 2017 and ending January 4, 2018, Plaintiff actually worked more hours than those shown on his timesheet because, for example, when he worked at two separate posts on the same day (as he did on January 1, 2018 and January 2, 2018), he was entitled to be paid for the time traveling between posts, but did not record and was not paid for those hours. Plaintiff did not know that he was entitled to be paid for those hours worked because Archstone had a policy or practice of consistently failing to pay for compensable travel time.

29. For the workweek beginning December 29, 2017 and ending January 4, 2018, Plaintiff was entitled to daily and weekly overtime premiums at both one and one-half times his regular rate of pay and at two times his regular rate of pay. However, Plaintiff was not paid the overtime premiums to which he was entitled and, instead, was only compensated for hours worked at his straight-time rate of pay.

30. For the workweek beginning December 29, 2017 and ending January 4, 2018, Plaintiff was entitled to premium pay for hours worked on the seventh consecutive day of work at the rate of both one and one-half times his regular rate of pay and at two times his regular rate of pay. However, Plaintiff was only compensated for hours at his straight-time rate of pay.

31. During the course of his employment, Plaintiff and other similarly situated employees incurred reasonable and necessary routine business expenses in the course of performing their duties for Archstone. These routine business expenses included the use of personal vehicles and cell phones for work. For example, on January 1, 2018 and January 2, 2018, Plaintiff used his personal vehicle to travel between posts. Plaintiff routinely used his personal cell phone for business purposes. Neither Plaintiff nor other similarly situated employees were reimbursed by Archstone for their business expenses.

32. Plaintiff and other similarly situated employees were not provided uninterrupted meal periods and rest breaks to which they were entitled under California law.

33. During his employment with Archstone, Plaintiff was allowed to eat his lunch while working. However, Plaintiff was not allowed to leave his post and was required to continue to monitor his post and perform certain duties while heate. Plaintiff was not provided any rest breaks.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings Count I, the FLSA claim, as a collective action on behalf of himself and other similarly situated employees, pursuant to 29 U.S.C. § 216(b). The FLSA collective is defined as:

> All current and former security guards (or individuals with similar titles) employed by Archstone at any time from April 9, 2015 through such date as the Court shall determine ("FLSA Collective").

35. Plaintiff seeks conditional and final certification of the FLSA Collective under 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS

36. Plaintiff brings Counts II through VII, the California claims, as a class action, on behalf of himself and as a class representative, pursuant to Fed. R. Civ. P. 23. The California class is defined as:

> All current and former security guards (or individuals with similar titles) employed by Archstone in California at any time from April 9, 2014 through such date as the Court shall determine ("California Class").

37. Plaintiff seeks class certification of the California Class under Federal Rule of Civil Procedure 23.

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Archstone's policy or practice of failing to pay overtime premiums for hours worked over 40 in a workweek and failing to accurately record and pay for all hours worked (such as compensable travel time), including overtime. The number and identity of other similarly situated employees, yet to opt in and consent to be party plaintiffs, may be determined from Archstone's records, and potential opt in plaintiffs may be easily and quickly notified of the pendency of this action.

39. Plaintiff and similarly situated employees are victims of uniform, company-wide policies or practices. The illegal policies or practices of failing to pay overtime premiums, failing to pay for all hours worked, failing to provide meal and rest periods, failing to provide accurate wage statements, and violating the California Business and Professions Code were also imposed on members of the FLSA Collective and California Class.

///

///

40. Plaintiff's California claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

41. The Class satisfies the numerosity standards. Joinder of all potential California Class members in a single action is impracticable. California Class members may be informed of the pendency of this class action through direct mail and/or other means of publication.

42. There are questions of fact and law common to the members of the California Class that predominate over any questions affecting only individual members. The questions of law and fact common to the California Class arising from Archstone's actions and/or omissions include, without limitation:

  (a) Whether Archstone's timekeeping and pay policies or practices violate California law;

  (b) Whether Archstone fails to pay overtime premiums;

  (c) Whether Archstone denies pay for all hours worked;

  (d) Whether Archstone fails to provide accurate, itemized wage statements;

  (e) Whether Plaintiff and members of the California Class incurred business expenses in the course of performing their duties;

  (f) Whether Archstone failed to indemnify Plaintiff and members of the California Class for their business expenses;

  (g) Whether Archstone fails to provide meal and rest periods; and

  (h) Whether Archstone's conduct constitutes a violation of California Business and Professions Code §§ 1720, *et seq*.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the California claims.

44. Plaintiff's claims are typical of those of the California Class in that members of the California Class have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

45. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Archstone has acted or refused to act on grounds generally applicable to the California Class. The presentation of separate actions by individual members of the California Class could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Archstone, and/or substantially impair or impede the ability of class members to protect their interests.

46. Plaintiff is an adequate representative of the California Class because he is a member of the California Class and his interests do not conflict with the interests of the members of the class who he seeks to represent. The interests of the members of the California Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience litigating complex wage and hour, employment, and class litigation.

47. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the California Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all California Class members.

///

///

///

///

# COUNT I

## FLSA

### (For Failure to Pay Overtime Wages)

### (Plaintiff and FLSA Collective)

48. Plaintiff re-alleges and incorporates all previous paragraphs herein.

49. At all times relevant to the Complaint, Archstone was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

50. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek.  29 U.S.C. § 207.

51. By failing to pay Plaintiff and other similarly situated employees for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Archstone violated the FLSA.

52. Archstone did not act in good faith when it engaged in the above-mentioned conduct.

53. By engaging in the above-mentioned conduct Archstone willfully, knowingly and/or recklessly violated the FLSA.

54. As a result of Archstone's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

55. Because Archstone failed to pay overtime as required by law, Plaintiff and members of the FLSA Collective are entitled to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

# COUNT II

## CALIFORNIA LAW

**(For Failure to Pay Straight-Time Wages)**

**(Plaintiff and California Class)**

56. Plaintiff re-alleges and incorporates all previous paragraphs herein.

57. Plaintiff alleges that Archstone maintained a policy or practice of failing to pay employees for all hours worked. Archstone's policy or practice included not paying for compensable travel time.

58. Because of Archstone's conduct as alleged herein, Plaintiff and members of the California Class did not receive compensation for all hours actually worked for Archstone.

59. Archstone's failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to Plaintiff and members of the California Class under California Labor Code §§ 204 and 218, as well as recovery of interest, reasonable attorneys' fees, and costs of suit under California Labor Code § 218.5.

# COUNT III

## CALIFORNIA LAW

**(For Failure to Pay Overtime Wages)**

**(Plaintiff and California Class)**

60. Plaintiff re-alleges and incorporates all previous paragraphs herein.

61. During the relevant time period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 have required the payment of overtime premium(s) for hours worked in excess of eight in a workday, forty in a workweek, or on the seventh day worked in a workweek. This premium increases to double-time for all hours worked over twelve in a workday or over eight on the seventh consecutive day of work in a workweek.

62. Plaintiff and members of the California Class often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

63. Archstone failed to pay Plaintiff and members of the California Class the overtime premiums required by California law.

64. Archstone's failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198.

65. Because Archstone failed to pay overtime as required by law, Plaintiff and members of the California Class are entitled under California Labor Code §§ 218.5, 218.6, and 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

## COUNT IV

## CALIFORNIA LAW

### (For Failure to Provide Meal Periods and Rest Breaks)

### (Plaintiff and California Class)

66. Plaintiff re-alleges and incorporates all previous paragraphs herein.

67. Plaintiff and members of the California Class regularly worked in excess of five hours per day without being afforded at least one half-hour meal period during which they were completely relieved of duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.F. § 11040).

68. Plaintiff and members of the California Class regularly worked in excess of ten hours per day without being afforded two half-hour meal periods during which they were completely relieved of duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.F. § 11040).

///

///

69. Plaintiff and members of the California Class regularly worked in excess of eight hours per day without being afforded either or both of the two ten-minute rest periods as required by California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.F. § 11040).

70. Plaintiff and members of the California Class regularly worked in excess of twelve hours per day without being afforded any or all of the three ten-minute rest periods as required by California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.F. § 11040).

71. For each work day that Plaintiff or a member of the California Class was not provided the required meal and/or rest periods, Plaintiff or that member of the California Class is entitled to recover backpay wages in the amount of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4 (8 C.C.F. § 11040).

72. Plaintiff and members of the California Class are entitled to payment for each workday during the relevant time period during which Archstone failed to provide a meal period and/or rest break.

## COUNT V
## CALIFORNIA LAW
### (For Failure to Furnish Accurate Itemized Wage Statements)
### (Plaintiff and California Class)

73. Plaintiff re-alleges and incorporates all previous paragraphs herein.

74. California Labor Code § 226 requires an employer to provide its employees with an accurate itemized statement in writing showing, among other things, gross wages earned, total hours worked, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate. California Labor Code § 226 provides for damages and penalties for a knowing and intentional failure by an employer to comply with this requirement.

75. Archstone has knowingly and intentionally failed to provide accurate, itemized wage statements to Plaintiff and members of the California Class.

76. Archstone is liable to Plaintiff and members of the California Class for an amount to be determined at trial. Plaintiff and members of the California Class are also entitled to payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 226 and 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT VI

## CALIFORNIA LAW

### (For Failure to Reimburse Business Expenses)

### (Plaintiff and California Class)

77. Plaintiff re-alleges and incorporates all previous paragraphs herein.

78. California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

79. During the relevant time period, Plaintiff and members of the California Class have, in order to perform their duties as required by Archstone, incurred reasonable and necessary expenses which were not reimbursed by Archstone. These include but are not limited to mileage and cell phone costs.

80. Plaintiff and members of the California Class are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under California Labor Code § 2802.

///
///
///
///
///

## COUNT VII

## CALIFORNIA LAW

### (For Unfair Business Practices)

### (Plaintiff and California Class)

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. Archstone's actions, including but not limited to its failure to pay straight time and overtime wages earned, constitute unlawful conduct. Archstone's conduct was also unfair and deceptive, and constitutes unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

83. Archstone continues its unlawful and unfair conduct as previously described. As a result of said conduct, Archstone has unfairly obtained monies due to Plaintiff and members of the California Class and is unfairly competing against law-abiding companies in the marketplace.

84. Plaintiff and members of the California Class are entitled to restitution of monies due for a period of four years preceding the filing of this case.

85. As a direct and proximate result of Archstone's conduct, Plaintiff and members of the California Class are entitled to equitable relief under California Business and Professions Code § 17203, including restitution as well as specific relief to enforce the penalty provisions of the California Labor Code and Fair Labor Standards Act pursuant to Business and Professions Code § 17202.

86. Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the general public in causing Archstone to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed FLSA Collective and California Class, prays that this Honorable Court:

(a) Certify Count I of the action as a collective action pursuant to 29 U.S.C. § 216(b);

(b) Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

(c) Certify Counts II through VII of this action pursuant to Fed. R. Civ. P. 23(b)(3) or (c)(4);

(d) Designate Plaintiff as the class representative;

(e) Appoint the undersigned counsel as class counsel with respect to the California claims;

(f) Declare that Archstone willfully violated the FLSA and California law as set forth above;

(g) Award Plaintiff and the class(es) he represents restitution, damages, penalties, liquidated damages, and other relief as appropriate and as available based on each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid balance of compensation owed by Archstone and the penalties owed by Archstone;

(h) Award Plaintiff and the class(es) he represents attorneys' fees pursuant to *inter alia*, California Labor Code § 1194(a) and pursuant to the FLSA;

(i) Award Plaintiff and the class(es) he represents costs of this suit;

(j) Award Plaintiff and the class(es) he represents pre-and post-judgment interest; and

(k) Award Plaintiff and the class(es) he represents other such relief as the Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial of all issues triable by jury and designates San Diego, California as the place for trial.

Dated: April 9, 2018

Respectfully submitted,

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)

By:      *s/ Leslie E. Hurst*
              LESLIE E. HURST

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com

DICELLO LEVITT & CASEY LLC
LAURA E. REASONS
   (*pro hac vice to be filed*)
Ten North Dearborn Street, Eleventh Fl.
Chicago, IL 60602
Tel: 312/214-7900
312/253-1443 (fax)
lreasons@dlcfirm.com

DICELLO LEVITT & CASEY LLC
KENNETH P. ABBARNO
   (*pro hac vice to be filed*)
MARK M. ABRAMOWITZA
   (*pro hac vice to be filed*)
7556 Mentor Avenue
Mentor, OH 44060
Tel: 440/953-8888
440/953-9183 (fax)
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*Attorneys for Plaintiff*